IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAQUAN X. CRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1057 (MN) |
| | ) |
| STANLEY BAYNARD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

JaQuan X. Crump, Smyrna, Delaware – *Pro Se* Plaintiff

January 21, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

## I.      INTRODUCTION

Plaintiff JaQuan X. Crump ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6).  Plaintiff requests counsel. (D.I. 5).  This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.     BACKGROUND

During the relevant time-frame, Plaintiff was a pre-trial detainee in the midst of his criminal trial.  As alleged, on February 6, 2018, Plaintiff returned to the JTVCC from the Kent County Courthouse between 4:00 p.m. and 5:00 p.m.  (D.I. 3 at 6).  Defendants Correctional Officers Christopher Tallman ("Tallman") and Christopher Johnson ("Johnson") took Plaintiff to the secured indoor recreation yard with other inmates and left the tier.  (*Id.*).  Plaintiff alleges he was threatened and attacked by a mentally ill inmate on the tier.  He claims that the other inmates in the yard waved for Tallman and Johnson to come help.  (*Id.* at 7).  Plaintiff alleges the attacking inmate attempted to stab him with pens and during the twenty-minute fight, Plaintiff was able to take the pens and throw them out of the yard onto the tier floor.  (*Id.* at 8).

At approximately 7:30 p.m. Tallman, Johnson, and Defendant Correctional Officer Russell Collins ("Collins") entered the tier while Plaintiff waited to be handcuffed.  (*Id.*).  Plaintiff was taken to disciplinary detention and attempted suicide.[1]  (Id. at 10).  Plaintiff was then taken to the infirmary and placed on PCO (*i.e.*, psychiatric close observation).

---

[1]     Plaintiff had been told that it was likely the other inmate would die.

1

Plaintiff received disciplinary write-ups for fighting and attempted suicide. (*Id*.). Defendant Correctional Office Barry M. Burman ("Burman") presided over the disciplinary hearing and found Plaintiff guilty. (*Id*.). Plaintiff alleges that he was denied his right to appeal because he was on PCO status and was not allowed to use a pen. (*Id*.). After Plaintiff was removed from PCO status he wrote to Defendants internal affairs detective Stanley Baynard ("Baynard") and former JTVCC Deputy Warden Dana Metzger ("Metzger"), but received no responses. (*Id*.).

On February 22, 2018, Plaintiff was criminally charged with assault in a detention facility. (*Id*. at 11). He pled not guilty and the charges were dismissed on June 18, 2018. The Complaint was filed on August 6, 2020.[2]

Plaintiff seeks declaratory relief and compensatory and punitive damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C.

---

[2] Although the Complaint is not dated, the certificate of service attached to the request for counsel that was mailed in the same envelopment is dated August 6, 2020. The envelopment used by Plaintiff for his initial documents is postmarked August 9, 2020. The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." Prisoner filings are deemed filed as of the date of delivery to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002); *Rivers v. Horn*, C.A. No. 00-3161, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001). The certificate of service was signed on August 6, 2020 and the envelope for the initial documents (*i.e.*, Complaint, request to proceed *in forma pauperis*, prison trust account statement, and request for counsel) is post-marked August 9, 2020. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing between August 6, 2020 and August 9, 2020. The Court concludes that Plaintiff's Complaint was filed on August 6, 2020, the date of the certificate of service and the earliest date it could have been delivered to prison officials in Delaware for mailing.

§ 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. **DISCUSSION**

The Complaint alleges civil rights violations under 42 U.S.C. § 1983. (D.I. 3 at 5). For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). Nevertheless, "*sua sponte* dismisal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

The acts complained of by Plaintiff occurred between February 6, 2018 (when he was involved in the fight) through June 18, 2018 (when the criminal charges were dismissed). Plaintiff did not file his Complaint until August 6, 2020. It is evident from the face of the Complaint that Plaintiff's claims are barred by the two year limitations period; the Complaint having been filed almost two months after its expiration on June 18, 2020. Because Plaintiff's allegations are time-barred this Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## V. <u>CONCLUSION</u>

For the above reasons, this Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 5); and (2) dismiss the Complaint pursuant 28 U.S.C. § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.